# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| NATHAN WELLS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA, )<br>)<br>Defendant. ) | Civil Action No. _____ |

**PLAINTIFF'S COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

**COMES NOW**, Plaintiff, Nathan Wells, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability benefits due under an employee benefits plan under ERISA, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA").

## JURISDICTION AND VENUE

1. This Court's jurisdiction over the Plaintiff's claim for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 5-2(e)).

2. Plaintiff's claims "relate to" an "employee welfare benefits plan" or "plans" as defined by ERISA, 29 U.S.C. § 1001 *et seq.*, and the subject L'Oreal USA, Inc., Group Long Term Disability Plan constitutes a "plan under ERISA."

3. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2569.503-1, provide a mechanism for administrative or internal appeal of benefit denials.

4. In this case, the aforementioned avenues of approval have been exhausted and this matter is now properly before this Court for judicial review.

5. Venue is proper within the Northern District of Georgia pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

6. Plaintiff, David Lindsey (hereinafter "Plaintiff"), was at all relevant times, a resident of the City of Ringgold, County of Catoosa, State of Georgia.

7. Plaintiff alleges upon information and belief that Dean Foods Company Insurance Plan (hereinafter "Plan") is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.

8. The Plan provides eligible employees with disability income protection as defined by the Plan.

9. Plaintiff alleges upon information and belief that Dean Foods Company is the Plan Sponsor and Plan Administrator of the long-term disability Plan.

10. Dean Foods Company and/or the Plan additionally maintained or contained other benefits and/or component plans under which Plaintiff may be entitled to benefits if found disabled under the long-term disability Plan.

11. The Life Insurance Company of North America (hereinafter "LINA") is the party obligated to pay benefits and to determine eligibility for benefits under the Plan.

12. LINA is the underwriter for Group Policy Number FLK-980179.

13. LINA is an insurance company authorized to transact the business of insurance in this State, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131, its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805, and at its principal office address at 1601 Chestnut Street, Philadelphia, Pennsylvania 19192-2235.

## FACTS

14. Defendant LINA was the entity responsible for processing claims and adjudicating appeals regarding long-term disability benefits under the Plan.

15. The long-term disability Plan is fully insured by LINA under Group Policy Number FLK-980179.

16. The Plaintiff timely filed an application for benefits under the Plan, was subsequently denied benefits, Plaintiff timely appealed, and LINA issued its final denial on September 10, 2020.

17. The Plaintiff was employed as a Route Relief Driver for Dean Foods Company at its location in the City of Chattanooga, County of Hamilton, State of Tennessee, and as such, Plaintiff was thereby a participant or beneficiary of the Plan, and is covered by the policy that provides benefits under the Plan.

18. The Plaintiff ceased work on or about June 5, 2017, due to a disability while covered under the Plan.

19. The Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

20. In accordance with the review procedures set forth in the Plan, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff appealed the claim until exhausting the required plan appeals.

21. Having submitted his appeal, and as confirmed by LINA, Plaintiff exhausted his administrative remedies.

22. Based on the terms of the insurance policy, Plaintiff's complaint is timely and is not otherwise time barred.

23. Plaintiff is entitled to long term disability benefits as he has met the long-term disability Plan's requirements, and his disability continues to prevent him from performing the material duties of his own occupation and prevent him from working at any reasonable occupation, meaning his unable to perform any gainful activity which he is, or may reasonably become, fitted by education, training, or experience and which results in, or can be expected to result in, an income of more than 80% of his adjusted pre-disability earnings.

24. If disabled pursuant to the terms of the policy, Plaintiff, who was paid disability benefits from December 2, 2017 to December 1, 2019, is entitled to a monthly minimum long-term disability benefit of $234.00 due to a $2,814.60 family maximum because of Social Security disability auxiliary benefits from December 2, 2019 to December 15, 2024 (when auxiliary benefit lifts), and a net long-term disability benefit of $366.60 (accounting for amortized workers compensation benefit) from December 15, 2024 to April 27, 2043, such that he is entitled to $2,430.42 in back benefits, $65,775.50 in future benefits (using 3.00% to discount to net present value) minus an overpayment of $44,449.83 (after subtracting for Social Security

5

disability attorney's fee), for a total long-term disability benefit of $23,756.09.

25. Evidence submitted by Plaintiff to LINA supporting his disability includes, *inter alia*, the following: medical records and/or medical opinions from numerous treating physicians including Christopher Greene, M.D., James Jolley, M.D., James Little, M.D., Jason Eck, M.D., John Blake, M.D., Michael Hermann, M.D., Thomas Brown, III, M.D., Todd Bell, M.D., and Yuchun Han, M.D. along with an August 7, 2020 fully favorable decision from the Social Security Administration granting disability benefits where the Administrative Law Judge found, *inter alia*, that the Plaintiff would be off-task greater than 10% of a normal workday which precluding full-time competitive employment and for which decision LINA gave "significant weight," and all of which indicated the Plaintiff suffers from residual problems from right shoulder arthroscopy, left rotator cuff repair, left shoulder arthroscopy, post-traumatic osteoarthritis of the left shoulder, rotator cuff arthropathy, adhesive capsulitis of the left shoulder, mononeuropathy of the left supravascular nerve, lumbar degenerative disc disease, peripheral neuritis, adenopathy, and obesity with attendant chronic pain, weakness, fatigue and diminished concentration and memory, and for all of which orthopedic surgeon James Jolley, M.D., indicated as of April 18,

2020 requires Plaintiff to take frequent and unpredictable rest breaks, causes chronic absenteeism during any work environment, and causes him to be off-task more than ten percent (10%) of any given workday.

26. LINA relied on medical consultants for file reviews during the administrative appeal of Plaintiff's disability claim and said consultants opined, *inter alia*, that Plaintiff had minor impairments which had no meaningful impact on his functionality without addressing his work reliability, consistency, substantial capacity and steady attendance.

27. The Plaintiff has now exhausted his required administrative remedies for his long-term disability benefits under the Plan pursuant to ERISA or such administrative remedies are deemed exhausted and/or her long-term disability benefits are deemed denied.

28. The Court's standard of review for the ERISA claims is *de novo* under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

29. The entity that chose to deny long term disability benefits would pay any such benefits due out of its own funds.

30. Defendant LINA was a claims decision-maker under a perpetual conflict of interest because the long-term disability benefits would have been paid out of its own funds.

31. Defendant LINA allowed its concern over its own funds to influence its decision-making.

32. Defendant has acted under a policy to take advantage of the potential applicability of ERISA to claims.

33. LINA's administrative process did not provide Plaintiff with a full and fair review; by way of example, LINA's denial letters did not contain the specific reasons for the denial and did not advise Plaintiff of the information LINA required in order to approve her continuing benefits.

34. The disability insurance policy does *not* provide LINA with discretionary authority.

35. At all times relative hereto, LINA has been operating under an inherent and structural conflict of interest because any monthly benefits paid to Plaintiff are paid from LINA's own assets with each payment depleting those same assets.

36. As the party obligated to pay benefits and the administrator given discretion in construing and applying the provisions of the disability plan and assessing Plaintiff's entitlement to benefits, LINA is an ERISA fiduciary.

37. Under ERISA, a fiduciary must carry out its duties with respect to the plan solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries and with

the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent individual acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

38. LINA failed to satisfy its duties under ERISA as specified in paragraph 37 of this complaint.

39. Under ERISA, a fiduciary should fully investigate the relevant and applicable facts of any claim.

40. LINA failed to satisfy its duties under ERISA as specified in paragraph 39 of this complaint.

41. Under ERISA, a fiduciary should fairly consider all information obtained regarding a claim, including that which tends to favor claim payment or continuation as well as that which tends to favor claim declination or termination.

42. LINA failed to satisfy its duties under ERISA as specified in paragraph 41 of this complaint.

43. Under ERISA, a fiduciary should consider the interests of its insured at least equal to its own and to resolve undeterminable issues in its insured's favor.

44. LINA failed to satisfy its duties under ERISA as specified in paragraph 43 of this complaint.

45. Under ERISA, a fiduciary has the obligation to read, interpret and understand all of the pertinent medical information with sufficient clarity so as to be able to make a fair, objective and thorough evaluation of its insured's claims for disability benefits.

46. LINA failed to satisfy its duties under ERISA as specified in paragraph 45 of this complaint.

47. Under ERISA, a fiduciary's denial of a claim should not be based on speculation.

48. LINA failed to satisfy its duties under ERISA as specified in paragraph 47 of this complaint.

49. Under ERISA, a fiduciary should be objective in its assessment of facts and not attempt to bias the claims investigation process in any manner.

50. LINA failed to satisfy its duties under ERISA as specified in paragraph 49 of this complaint.

51. Under ERISA, a fiduciary should not take into consideration the amount of money it would save if a particular claim or set of claims is denied, terminated, or otherwise not paid.

52. LINA failed to satisfy its duties under ERISA as specified in paragraph 51 of this complaint.

53. Under ERISA, a fiduciary should refrain from excessive reliance on in-house medical staff to support the denial, termination, or reduction of benefits.

54. LINA failed to satisfy its duties under ERISA as specified in paragraph 53 of this complaint.

55. Under ERISA, a fiduciary should not conduct unfair evaluation and interpretation of attending physicians' or independent medical examiners' reports.

56. LINA failed to satisfy its duties under ERISA as specified in paragraph 55 of this complaint.

57. Under ERISA, a fiduciary should evaluate the totality of its insured's medical conditions.

58. LINA failed to satisfy its duties under ERISA as specified in paragraph 57 of this complaint.

59. Under ERISA, a fiduciary has an obligation to conduct a fair, thorough, and objective review.

60. LINA failed to satisfy its duties under ERISA as specified in paragraph 59 of this complaint.

## CAUSE OF ACTION FOR PLAN BENEFITS AGAINST DEFENDANT PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates all the allegations contained in paragraphs 1 through 60 as if fully stated herein and says further that:

61. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined in the LTD portion of the Plan.

62. Plaintiff is disabled under the terms of the Plan.

63. Defendant failed to provide benefits due under the LTD portion of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

64. The decision to deny benefits was wrong under the terms of the Plan.

65. The decision to deny benefits and decision-making process were arbitrary and capricious.

66. The decision to deny benefits was not supported by substantial evidence in the record.

67. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

68. The appellate procedures did not provide the Plaintiff a full and fair review.

69. As an ERISA fiduciary, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

70. The Defendant violated the fiduciary duties it owed the Plaintiff.

71. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable when the Plaintiff remains disabled under the terms of the Plan.

72. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF requests that this Court grant the following relief in this case:

1. A finding in favor of Plaintiff against Defendant;
2. Damages in the amount equal to the disability income benefits to which he was entitled though the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);
3. Prejudgment and post-judgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this Court deems just and proper.

Dated this 15th day of October, 2020.

Respectfully submitted,

BY: */s/D. Seth Holliday*
D. Seth Holliday (426951)
**McMahan Law Firm, LLC**
700 S. Thornton Avenue
P.O. Box 1607
Dalton, Georgia 30722
1-706-217-6118 (office)
1-706-217-6880 (facsimile)
sholliday@mcmahanfirm.com